CANADY, J.,
dissenting.
Because I conclude that Geico was authorized by Florida law to include the policy provision regarding examinations under oath, I dissent.
Geico’s authority to include this policy provision flows directly from section 627.414, Florida Statutes (2008), concerning “[additional policy contents,” which states that a “policy may contain additional provisions not inconsistent with this code and which are ... (3) [d]esired by the insurer and neither prohibited by law nor in conflict with any provisions required to be included therein.” (Emphasis added.) Neither the majority nor the appellant have articulated any reason for concluding that this broadly applicable statutory provision has no force with respect to personal injury protection (PIP) policies. And neither the majority nor the appellant have provided any explanation of why Geico’s examination under oath (EUO) policy provision goes beyond what is permitted by the statutory provision.
The majority’s only consideration of section 627.414(3) comes in connection with the recitation of a portion of the opinion of the Eleventh Circuit Court of Appeals that quotes the text of the statute. Having set forth the text of section 627.414(3) and recognizing the requirement of “consistency” that it embodies, the majority brushes the statute aside. According to the majority, “consistency with certain provisions in the [PIP] statute is not the test.” Majority op. at 1236. The majority thus effectively abrogates the unambiguous statutory enactment contained in section 627.414(3). Rather than applying this statute, the majority relies largely on what the Court has previously said in Custer Medical Center v. United Automobile Insurance Co., 62 So.3d 1086 (Fla.2010), and Flores v. Allstate Insurance Co., 819 So.2d 740 (Fla.2002). Of course, neither case contains
any holding that governs the result here. And with respect to any comments they contain relevant to the question at issue here, both Custer and Flores suffer from the glaring deficiency that they do not so much as acknowledge the existence of section 627.414(3), much less provide any analysis of its application to PIP policies.
When the EUO provision is evaluated under the authorization contained in section 627.414(3), no basis can be found for determining that the EUO provision is inconsistent with the insurance code, prohibited by any provision of law, or in conflict with any provisions required to be included in the policy by the PIP statute. Accordingly, the EUO provision constitutes additional policy content that falls within the scope of section 627.414(3).
The majority makes much of the potential for unreasonable application of an EUO policy provision, but in this case we are not presented with the issue of whether Geico applied the EUO provision in an unreasonable manner. The issue, rather, is the purely legal question of whether the EUO provision in the PIP policy is invalid on its face. The fact that a policy provision might be abused by an insurer seeking to apply it unreasonably is not a proper basis for declaring the policy provision invalid on its face.
*1243 With respect to the issue of the timely payment of benefits, there is nothing on the face of the EUO provision that is inconsistent with the requirements of the PIP statute regarding the time for the payment of benefits. Nothing in the EUO provision indicates that the rights of the insurer cannot be implemented within the time constraints imposed by the PIP statute. An insurer that fails to do so will face the legal consequences of that failure. Moreover, an insured whose receipt of benefits is delayed because of her refusal to comply with a reasonable request for an EUO should not be heard to complain that the right to recover PIP benefits in a “swift and virtually automatic” way has been thwarted. Majority op. at 1235. The right to a “swift and virtually automatic” recovery of benefits is a right properly enjoyed by those who in fact meet the legal requirements for the receipt of benefits and comply with the legal obligations of an insured. The EUO provision of the policy is simply designed to ensure that the “swift and virtually automatic” payment of benefits is made only to those who are entitled to those benefits under the law.
I would rephrase the certified question as follows: “Does Florida law permit an insurer to include in a PIP policy a provision requiring that those seeking coverage under the policy submit to examination under oath as reasonably required by the insurer?” And I would answer this question in the affirmative.
POLSTON, C.J., concurs.
Certified Question of Law from the United States Court of Appeals for the Eleventh Circuit-Case No. 10-13183
Juan C. Montes of Lidsky & Montes, Attorneys at Law, P.A., Hialeah, Florida, for Appellant
Frank Z. Zacherl, Suzanne Youmans Labrit, and Jerel C. Dawson of Shutts & Bowen LLP, Tampa, Florida, for Appellee
Cynthia S. Tunnicliff and Gerald Don Nelson Bryant TV of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, Florida, for Amici Curiae Florida Justice Reform Institute, Florida Insurance Council, and Personal Insurance Federation of Florida
Peter J. Valeta of Meckler Bulger Tilson Marick & Pearson LLP, Chicago, IL, for Amici Curiae Property Casualty Insurers Association of America and Allstate Insurance Company
Marlene S. Reiss, Miami, Florida, for Amicus Floridians for Fair Insurance, Inc.